UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

SHERRY M. CAMERON    )
           )
v.           )  NO. 2:05-CV-123
           )
JO ANNE B. BARNHARDT,   )
Commissioner of Social Security  )


## MEMORANDUM OPINION

The plaintiff Sherry M. Cameron has filed a motion for a judgment on the pleadings on her complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt denying her application for disability insurance benefits under the Social Security Act. The defendant has filed a motion for summary judgment.

Ms. Cameron was born in 1967 and was 37 years old at the time of her administrative hearing. [Tr. 14, 347]. She completed eighth grade and has relevant past work experience as a housekeeper. [*Id*.]. Ms. Cameron alleges she is disabled as of October 28, 2002, from asthma, arthritis, high blood pressure, pain, and problems with her left knee, sleeping, and concentration. [Tr. 14]. Based upon a finding that her severe impairments were not severe enough, the Administrative Law Judge [ALJ] found that Ms. Cameron was not disabled as defined by the Social

Security Act. [Tr. 15].

At Ms. Cameron's administrative hearing held on August 13, 2004, the testimony of Ms. Cameron and vocational expert Donna Bardsley was received into evidence. [Tr. 347-60]. Ms. Cameron testified she last worked in October 2002. [Tr. 347]. She has always been heavy and has continued to smoke a pack of cigarettes a day despite doctors' instructions to try to quit. [Tr. 348]. Her previous work was as a housekeeper, and she cleaned rooms, made beds, vacuumed, dusted, cleaned bathrooms, swept, and mopped. [Tr. 348-49]. She testified she can no longer work mainly because of breathing difficulty and pain in her left hip and knee. [Tr. 349]. Ms. Cameron had surgery for carpal tunnel syndrome in July 2004. [Tr. 351]. She does not go out of the house or drive anymore. [Tr. 355].

Vocational expert Donna Bardsley testified next that Ms. Cameron's past relevant work as a housekeeper was light and unskilled. [Tr. 359]. The ALJ then asked her to assume a woman of Ms. Cameron's age, education, and work background who was restricted to low stress light work (required lifting of no more than 20 pounds occasionally and 10 pounds frequently) with no prolonged standing or walking or exposure to dust, fumes, chemicals, and temperature extremes. [Tr. 359]. According to the vocational expert, such a person could perform work as a cashier, information clerk, order clerk, ticket seller, and hand packager. [Tr. 359-60].

The ALJ ruled that Ms. Cameron was not disabled because her severe musculoskeletal and respiratory impairments and obesity were not severe enough to warrant a finding of disability. [Tr. 16]. The ALJ then found Ms. Cameron retained the residual functional capacity [RFC] to perform low stress light work with no prolonged standing and walking or exposure to respiratory irritants or marked temperature extremes. [*Id*.]. With those limitations, Ms. Cameron could not perform her past relevant work but could perform work that exists in significant numbers in the national economy. [Tr. 18].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Ms. Cameron requests a judgment on the pleadings and challenges the ALJ's

assessment of her pain. Ms. Cameron basically asks this court to reconsider the ALJ's credibility determination. According to the ALJ, Ms. Cameron's allegations of disabling pain and other symptoms were not credible or supported. [Tr. 17]. The ALJ noted that Ms. Cameron has received good results from numerous surgical procedures on her hands, left knee, and feet. [Tr. 16]. Doctor examinations revealed a normal gait with no evidence of impaired functioning in Ms. Cameron's hands, feet, or knees. [Tr. 16-17]. The ALJ also strongly noted that Ms. Cameron has been advised for years to both lose weight and cease smoking cigarettes, and she has done neither. [Tr. 17]. Based on the foregoing, the ALJ's credibility assessment was based on substantial evidence. That said, this court will note that it is not within its purview to revisit issues of credibility. *Walters*, 127 F.3d at 528.

Ms. Cameron also contends the ALJ erred in his evaluation of her impairments in combination. Impairments have been considered in combination when the ALJ refers to them in the plural (i.e., impairments), focuses the claimant's RFC on more than one impairment, and asks a hypothetical question that encompasses the impairments. *Loy v. Secretary of Health and Human Services*, 901 F.2d 1306, 1310 (6th Cir. 1990). The ALJ referred to Ms. Cameron's impairments three times in his decision. [Tr. 15, 16]. The ALJ focused Ms. Cameron's RFC on her musculo-skeletal and respiratory impairments and obesity. [Tr. 16]. Finally, the hypothetical

4

questions the ALJ asked the vocational expert also focused on her musculoskeletal and respiratory impairments and obesity. [Tr. 359]. Based on the Sixth Circuit framework, the ALJ considered Ms. Cameron's impairments in combination.

Ms. Cameron next argues the ALJ erred in finding that she retained the RFC to perform a significant range of light work. At the outset, Ms. Cameron mischaracterizes her RFC. The ALJ did not find she could "perform a significant range of light work." Instead, he found she retained the RFC to perform low stress light work with no prolonged standing and walking or exposure to respiratory irritants or marked temperature extremes. [Tr. 16]. The ALJ's assessment was on par or more generous than the assessments of Drs. David McConnell and George Bounds. In addition, none of Ms. Cameron's physicians placed any greater restrictions on her than the above-mentioned doctors or found her to be permanently or totally disabled.

In July 2003, Dr. McConnell examined Ms. Cameron in connection with her application for benefits. [Tr. 210-16]. Dr. McConnell found she retained the capacity to occasionally lift/carry a maximum of 45 pounds for one-third of an eight-hour workday, frequently lift/carry a maximum of 40 pounds for one-third to two-thirds of an eight-hour workday, and stand/walk/sit for at least six hours in an eight-hour workday. [Tr. 214].

In August 2003, Dr. Bounds also examined Ms. Cameron in connection with

5

her application for benefits. [Tr. 225-32]. He found she could occasionally lift/carry 50 pounds, frequently lift/carry 25 pounds, and stand/walk/sit for at least six hours out of an eight-hour workday. [Tr. 226]. He also found she should avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation. [Tr. 229]. Based on the above RFC findings, the ALJ's decision that Ms. Cameron could perform a reduced range of light work was made with substantial evidence.

After careful consideration of the entire record of proceedings related to this case, Ms. Cameron's motion for a judgment on the pleadings will be denied, the defendant's motion for summary judgment will be granted, and this action will be dismissed.

An appropriate order will follow.

ENTER:


 s/Thomas Gray Hull
THOMAS GRAY HULL
   SENIOR U. S. DISTRICT JUDGE